# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELSA BERMUDEZ AND JOSE BERMUDEZ, WIFE AND HUSBAND, <br>     Plaintiffs, <br><br> v. <br><br> WALMART STORES, INC., WALMART, WALMART STORES EAST, LP, WALMART STORES EAST, LLC, JOHN DOES (1- 10) (FICTITIOUS), ABC CORPORATIONS (1-10) (FICTITIOUS), AND XYZ PARTNERSHIPS(1-10) (FICTITIOUS; JOINTLY, SEVERALLY AND IN THE ALTERNATIVE), <br>     Defendants. | Civil Action <br><br><br> NO. <br><br><br><br><br> JURY TRIAL DEMANDED |

## WALMART DEFENDANTS' NOTICE OF REMOVAL

Defendants, Walmart Stores, Inc., Walmart, Wal-Mart Stores East, LP and Wal-Mart Stores East, LLC (more properly identified solely as Wal-Mart Stores East, LP and hereinafter referred to collectively as "Defendants"), file this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) to remove this action from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No.: ATL-L-001092-20, where it is now pending, to the United States District Court for the District of New Jersey. Defendants, in support thereof, states as follows:

1. Plaintiffs, Elsa Bermudez and Jose Bermudez commenced this action by filing a complaint on or about December 14, 2019 in the Superior Court of New Jersey, Law Division, Atlantic County, bearing Docket Number ATL-L-001092-20. *See* Plaintiffs' Complaint attached hereto as Exhibit "A."

2. Plaintiff's Complaint contains allegations of negligence stemming from injuries Plaintiff Elsa Bermudez sustained after she was caused to slip and fall "due to the presence of

debris lying on the floor" of Walmart Store #2108 located at 4620 E Black Horse Pike, Mays Landing, New Jersey on May 6, 2018. *See* Exhibit "A" ¶ 2.

3. By letter dated April 25, 2020, Defendants requested a statement of damages from Plaintiffs. *See* Correspondence dated April 25, 2020, with enclosures, attached hereto collectively as Exhibit "B."

4. On April 28, 2020, Defendants received Plaintiffs' statement of damages in the amount of $135,000. *See* Plaintiffs' statement of damages attached hereto as Exhibit "C."

5. The State Court wherein this action was originally filed is located in Atlantic County, New Jersey, which is embraced within this jurisdictional district.

6. Removal from the Superior Court of New Jersey, Law Division, Atlantic County is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Court of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

7. Moreover, removal is proper under 28 U.S.C. § 1446(c)(2)(A)(ii), which allows a defendant to assert an amount in controversy in its notice of removal if the initial pleading seeks a money judgment when the state practice either precludes a plaintiff from demanding a specific sum or permits a plaintiff to recover damages in excess of the amount demanded.

8. For the reasons set forth more fully below, this Court has original jurisdiction under 28 U.S.C. §1332 because the properly named parties are citizens of different states, and the matter in controversy exceeds $75,000.

9. Plaintiffs aver that they reside at 4504 Anderson Avenue, Hammonton, Atlantic County, New Jersey. *See* Exhibit "A."

10. Therefore, Plaintiffs are a citizen of New Jersey,

11. Under 28 U.S.C. § 1141(b)(1) the citizenship of Defendants John Does (1-10), ABC Corporations (1-10) and XYZ Partnerships (1-10), names being fictitious, are disregarded for purposes of diversity. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see also Brooks v. Purcell*, 57 Fed. Appx. 47, 50 (3d Cir. 2002) ("there is no doubt that in determining whether there is complete diversity of citizenship we disregard the John Doe and Jane Doe defendants . . .").

12. On May 6, 2018, and at all times since, the subject premises located in Mays Landing, New Jersey was at all times material hereto maintained and operated by Wal-Mart Stores East, LP.

13. Wal-Mart Stores East, LP, the entity that operated the subject premises on the date of the incident, is a Delaware limited partnership with its principal place of business located in Bentonville, Arkansas. It is a citizen of Delaware. Walmart Inc., which is a Delaware corporation with its principal place of business in Arkansas, is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP, through various wholly-owned operating entities as follows: Wal-Mart Stores, Inc. (WMSI) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP, is owned by two Delaware

limited companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly-owned by a Delaware corporation (WMSI).  None of Wal-Mart Stores East, LP's limited or general partners are citizens of the State of New Jersey, so the requirements of diversity jurisdiction are satisfied.

14. Walmart Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas is the ultimate parent entity of Wal-Mart Stores East, LP.  It is a citizen of both the States of Delaware and Arkansas.

15. Wal-Mart Stores East, LLC is an Arkansas limited liability company and wholly owned subsidiary of Walmart Inc. with its principal place of business in Bentonville, Arkansas.

16. Walmart is a non-existent entity and under 28 U.S.C. § 1141(b)(1) its citizenship is disregarded for purposes of diversity.

17. As such, collectively the Walmart Defendants are citizens of the States of Delaware and Arkansas, and none are citizens of the State of New Jersey.

18. Accordingly, Plaintiffs are diverse from all of the named Defendants and the requirements for removal based on diversity of citizenship are satisfied.

19. Defendants have reason to believe that Plaintiffs' damages exceed $75,000 based upon Plaintiffs' $135,000 statement of damages. *See* Exhibit "C."

20. Where a case started by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). *See also*, § 1446(c)(3)(A).

21. Plaintiffs' Complaint only contained vague/general claims of damages but failed to quantify any amount.

22. Prior to the receipt of Plaintiffs' statement of damages, Defendants could not have reasonably or intelligently concluded from the Complaint or other previously available information that the amount in controversy exceeded the jurisdictional minimum.

23. As such, Plaintiffs' statement of damages establishes that the amount in controversy exceeds the jurisdictional limit of $75,000.

24. Based on the foregoing, including Plaintiffs' allegations of injuries and Plaintiffs' statement of damages in the amount of $135,000, Defendants submit that the preponderance of the evidence establishes that the matter in controversy is in excess of $75,000, exclusive of interest and costs, and the requirements for removal are satisfied.

25. Further, this Notice of Removal is filed within thirty (30) days of service of the other paper in which Plaintiffs indicated that the case's value exceeded $75,000, thus warranting removal. *See* 28 U.S.C. § 1446(b)(3).

26. Removal from Superior Court of New Jersey, Law Division, Atlantic County is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

27. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth herein.

28. Based on the foregoing, the requirements of 28 U.S.C. §§ 1441(a) and (b) and

1446(b) and (c) are satisfied and the within matter is properly removable.

      **WHEREFORE**, Defendants, Walmart Stores, Inc., Walmart, Wal-Mart Stores East, LP and Walmart Stores East, LLC, respectfully request that this State Action be removed from the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey.

                                           **MCDONNELL & ASSOCIATES, P.C.**

Dated: May 4, 2020                By:    */s/Laquan T. Lightfoot*
                                                  Patrick J. McDonnell, Esquire
                                                  Laquan T. Lightfoot, Esquire
                                                  *Attorneys for Defendants, Walmart Stores Inc.,*
                                                   *Walmart, Walmart Stores East, LP and*
                                                   *Walmart Stores East, LLC (more properly*
                                                   *identified solely as Wal-Mart Stores East, LP)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELSA BERMUDEZ AND JOSE BERMUDEZ, WIFE AND HUSBAND,<br>        Plaintiffs,<br><br>v.<br><br>WALMART STORES, INC., WALMART, WALMART STORES EAST, LP, WALMART STORES EAST, LLC, JOHN DOES (1- 10) (FICTITIOUS), ABC CORPORATIONS (1-10) (FICTITIOUS), AND XYZ PARTNERSHIPS(1-10) (FICTITIOUS; JOINTLY, SEVERALLY AND IN THE ALTERNATIVE),<br>        Defendants. | Civil Action<br><br><br>NO.<br><br><br><br>JURY TRIAL DEMANDED |

    I, Laquan T. Lightfoot, Esquire, hereby certify that on May 7, 2020, the within Notice of Removal on behalf of Defendants Walmart Stores, Inc., Walmart, Wal-Mart Stores East, LP and Walmart Stores East, LLC, was filed electronically with the Court and is available for viewing and downloading from the ECF system. I also certify that a true and correct copy was served via electronic mail on this same date on the following:

          Robert A. Stacchini, Esquire
      **GOLDENBERG, MACKLER, SAYEGH, MINTZ,**
          **PFEFFER, BONCHI & GILL**
           1030 Atlantic Avenue
         Atlantic City, New Jersey 08401
           *Attorneys for Plaintiffs*

    I hereby certify that the above statements are true. I am aware that if any of the above statements by me are willfully false, I am subject to punishment.

                                          **MCDONNELL & ASSOCIATES, P.C.**

Dated: May 7, 2020          By:    */s/Laquan T. Lightfoot*
                                           Patrick J. McDonnell, Esquire
                                           Laquan T. Lightfoot, Esquire
                                           *Attorneys for Defendants, Walmart Stores Inc.,*
                                           *Walmart, Walmart Stores East, LP and*
                                           *Walmart Stores East, LLC (more properly*
                                           *identified solely as Wal-Mart Stores East, LP)*

# EXHIBIT A

**EXHIBIT A**

Robert A. Stacchini, Esquire - 11392008
**GOLDENBERG, MACKLER, SAYEGH, MINTZ,**
**PFEFFER, BONCHI & GILL**
A Professional Corporation
1030 Atlantic Avenue
Atlantic City, New Jersey    08401
Telephone  609 344 7131
Facsimile   609 347 2052
Attorneys for Plaintiff

| | |
|---|---|
| ELSA BERMUDEZ and JOSE BERMUDEZ, Wife and Husband<br><br>*Plaintiffs*<br><br>vs.<br><br>WALMART STORES, INC.; WALMART; WALMART STORES EAST, LP; WALMART STORES EAST, LLC; JOHN DOES (1-10)(FICTITIOUS), ABC CORPORATIONS (1-10)(FICTITIOUS), AND XYZ PARTNERSHIPS(1-10)(FICTITIOUS; jointly, severally and in the alternative.<br><br>*Defendants* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY<br><br>Docket No.  ATL L<br><br>Civil Action<br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

   Plaintiffs, Elsa and Jose Bermudez, Wife and Husband, residing at 4504 Anderson Avenue, City of Hammonton, County of Atlantic, and State of New Jersey, by way of complaint against the defendants, say:

### FIRST COUNT

   1. On or about May 6, 2018, plaintiff, Elsa Bermudez, was a business invitee on the premises owned and operated by defendant(s), Walmart Stores, Inc. and/or Walmart and/or Walmart Stores East, LP and/or Walmart Stores East, LLC, located at 4620 E. Black Horse Pike, in the Township of Hamilton, County of Atlantic and State of New Jersey.

   2. At the time and place aforesaid, plaintiff, Elsa Bernudez, was caused to slip and fall to the floor due to the presence of debris lying on the floor.

   3. Defendant(s), Walmart Stores, Inc. and/or Walmart and/or Walmart Stores East, LP and/or Walmart Stores East, LLC, through its agents, servants and/or employees, was negligent in the maintenance, repair and/or inspection of the aisle, in that it allowed a hazardous condition to exist:  debris lying on the floor of an aisle.

   4. As a direct and proximate result of the aforementioned negligence, the plaintiff was caused to sustain severe and permanent bodily injury, pain and suffering, and disability, and has been required to expend money for medical treatment.

**WHEREFORE,** plaintiff, Elsa Bermudez, demands judgment against the defendant(s) for damages, costs of suit, attorneys' fees, interest and such other and further relief as the Court deems just and proper.

## SECOND COUNT

1. Plaintiff repeats and incorporates the allegations set forth in the First Count.

2. Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals or business entities who may be responsible, in whole or part, for the causation of the aforesaid accident. For purposes of the within complaint, said individuals and business entities have been nominated as John Does (1-10)(Fictitious), ABC Corporations (1-10)(Fictitious), and XYZ Partnerships(1-10)(fictitious).

3. As a direct and proximate result of the negligence of the fictitious parties set forth above, the plaintiff was caused to sustain severe and permanent bodily injury, pain and suffering, and disability, and has been required to expend money for medical treatment.

**WHEREFORE,** plaintiff, Elsa Bermudez, demands judgment against the defendants for damages, costs of suit, attorneys' fees, interest and such other relief as the Court deems just and proper.

## THIRD COUNT

1. Plaintiffs repeat and incorporate the allegations contained in the previous Counts as if fully set forth herein.

2. Plaintiff, Jose Bermudez, is the husband of the plaintiff, Elsa Bermudez.

3. As a result of the negligence of the defendant(s), Walmart Stores, Inc. and/or Walmart and/or Walmart Stores East, LP and/or Walmart Stores East, LLC, as described herein and above, Jose Bermudez's wife was severely injured.

4. Plaintiff, Jose Bermudez, has been deprived of the society, consortium, companionship and services of his wife.

**WHEREFORE**, the plaintiff, Jose Bermudez, demands Judgment against the defendant(s), Walmart Stores, Inc. and/or Walmart and/or Walmart Stores East, LP and/or Walmart Stores East, LLC; John Does (1-10)(Fictitious), ABC Corporations (1-10)(Fictitious), and XYZ Partnerships(1-10)(fictitious), for damages, costs of suit, attorneys' fees, interest and such other and further relief as the Court deems just and proper.

                    **GOLDENBERG, MACKLER, SAYEGH, MINTZ, PFEFFER, BONCHI & GILL**
                    Attorneys for Plaintiff

                    *Robert A. Stacchini* /s/
By:_____
        ROBERT A. STACCHINI, ESQUIRE

Dated: April 13, 2020

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that to my knowledge, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding. To my knowledge, no other action or arbitration procedure is contemplated. I have no knowledge at this time of the names of any other parties who should be joined in this lawsuit.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

*Robert A. Stacchini* /s/
_____
ROBERT A. STACCHINI, ESQUIRE

Dated:   April 13, 2020

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Robert A. Stacchini, Esquire, is hereby designated as trial counsel in the within matter.

## DEMAND FOR ANSWER TO FORM C INTERROGATORIES

Plaintiffs hereby demand that defendants answer Form C and/or C(2) Uniform Interrogatories as contained in Appendix II of the New Jersey Rules of Court in lieu of service of the interrogatories themselves pursuant to Rule 4:17-1(b)(ii).

> **GOLDENBERG, MACKLER, SAYEGH, MINTZ**
> **PFEFFER, BONCHI & GILL**
> Attorneys for Plaintiff
> *Robert A. Stacchini* /s/
> By:_____
>    ROBERT A. STACCHINI, ESQUIRE

Dated: April 13, 2020

# EXHIBIT B

**EXHIBIT B**

Law Offices Of
# MCDONNELL & ASSOCIATES, P.C.
**Metropolitan Business Center**
**860 1st Avenue, Suite 5B**
**King of Prussia, Pennsylvania 19406**
**Telephone:  610-337-2087**
**Facsimile:    610-337-2575**

| | |
|---|---|
| **Laquan T. Lightfoot, Esquire** | Lauren C. DiStefano, Paralegal |
| llightfoot@mcda-law.com | ldistefano@mcda-law.com |
| *Admitted in Pennsylvania and New Jersey* | |

April 25, 2020

**VIA E-MAIL – rstacchini@gmslaw.com**
Robert A. Stacchini, Esquire
**GOLDENBERG, MACKLER, SAYEGH, MINTZ,**
**PFEFFER, BONCHI & GILL**
1030 Atlantic Avenue
Atlantic City, New Jersey 08401

      **RE:**    **Elsa Bermudez et al v. Walmart Stores, Inc., et al.**
                **NJ Superior Court, Atlantic County, No. ATL-L-001092-20**
                **Our File No. 141.137**

Dear Mr. Stacchini:

      This firm represents Defendants Walmart Stores, Inc., Walmart, Walmart Stores East, LP and Walmart Stores East, LLC in the above-referenced matter. Enclosed please find a Request for Statement of Damages, pursuant to R.4:5-2. Kindly respond within five (5) days as required.

      Thank you for your prompt attention to this matter.

                                              Very truly yours,

                                              **MCDONNELL & ASSOCIATES, PC**
                                              */s/ Laquan T. Lightfoot*
                                              Laquan T. Lightfoot, Esquire

LTL/
Attachment

141.137
**MCDONNELL & ASSOCIATES, P.C.**
By: Patrick J. McDonnell, Esquire
NJ Attorney ID: 026781991
Email: pmcdonnell@mcda-law.com
By: Laquan T. Lightfoot, Esquire
NJ Attorney ID: 115332015
Email: llightfoot@mcda-law.com
860 First Avenue, Suite 5B
King of Prussia, PA 19406
(T) 610.337.2087 (F) 610.337.2575

*Attorneys for Defendants, Walmart Stores, Inc., Walmart, Walmart Stores East, LP and Walmart Stores East, LLC (more properly identified solely as Wal-Mart Stores East, LP)*

| | |
|---|---|
| ELSA BERMUDEZ and JOSE BERMUDEZ, Wife and Husband,<br>　　　　Plaintiffs,<br><br>　　　　　v.<br><br>WALMART STORES, INC., WALMART, WALMART STORES EAST, LP, WALMART STORES EAST, LLC, JOHN DOES (1-10)(FICTITIOUS), ABC CORPORATIONS (1-10)(FICTITIOUS), and XYZ PARTNERSHIPS (1-10)(FICTITIOUS; jointly, severally and in the alternative),<br>　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ATLANTIC COUNTY<br>LAW DIVISION<br><br>DOCKET NO.: ATL-L-001092-20<br><br>**DEFENDANTS', WALMART STORES, INC., WALMART, WALMART STORES EAST, LP AND WALMART STORES EAST, LLC, DEMAND FOR A STATEMENT OF DAMAGES** |

　　　　Pursuant to R. 4:5-2, Plaintiffs demand damages in the following amount from Defendants:

$ _____

Dated: _____    By: _____
　　　　　　　　　　　　Robert A. Stacchini, Esquire
　　　　　　　　　　　　*Attorney for Plaintiffs*

# EXHIBIT C

**EXHIBIT C**

141.137
**MCDONNELL & ASSOCIATES, P.C.**
By: Patrick J. McDonnell, Esquire
NJ Attorney ID: 026781991
Email: pmcdonnell@mcda-law.com
By: Laquan T. Lightfoot, Esquire
NJ Attorney ID: 115332015
Email: llightfoot@mcda-law.com
860 First Avenue, Suite 5B
King of Prussia, PA 19406
(T) 610.337.2087 (F) 610.337.2575

*Attorneys for Defendants, Walmart Stores, Inc., Walmart, Walmart Stores East, LP and Walmart Stores East, LLC (more properly identified solely as Wal-Mart Stores East, LP)*

| | |
|---|---|
| ELSA BERMUDEZ and JOSE BERMUDEZ, Wife and Husband,<br>          Plaintiffs,<br><br>v.<br><br>WALMART STORES, INC., WALMART, WALMART STORES EAST, LP, WALMART STORES EAST, LLC, JOHN DOES (1-10)(FICTITIOUS), ABC CORPORATIONS (1-10)(FICTITIOUS), and XYZ PARTNERSHIPS (1-10)(FICTITIOUS; jointly, severally and in the alternative),<br>          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>ATLANTIC COUNTY<br>LAW DIVISION<br><br>DOCKET NO.: ATL-L-001092-20<br><br>**DEFENDANTS', WALMART STORES, INC., WALMART, WALMART STORES EAST, LP AND WALMART STORES EAST, LLC, DEMAND FOR A STATEMENT OF DAMAGES** |

Pursuant to R. 4:5-2, Plaintiffs demand damages in the following amount from Defendants:

$ _135,000_

Dated: _4/28/20_          By: _____
                                  Robert A. Stacchini, Esquire
                                  *Attorney for Plaintiffs*